IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| **SUMMIT FINANCIAL RESOURCES, L.P.**, a Hawaii limited partnership, <br><br> Plaintiff, <br><br> vs. <br><br> **EL CHARRO ENTERPRISES, L.L.C.**, a Kansas limited liability company, et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 08-CV-2145 CM/DJW |

## AGREED PROTECTIVE ORDER

For good cause shown, the Court grants Defendant Mitch Vandament's unopposed Motion for Protective Order (doc. 49) and enters the following Agreed Protective Order.

This Order is entered pursuant to the provisions of Fed. R. Civ. P. 26(c).  The Parties contemplate that several of the parties will be producing documents and information of a confidential nature concerning their financial information, including but not limited to banking records, commercial information such as vendors, pricing, expenses, sales volumes; and which may include information or references to financial transactions and/or business arrangements with non-parties.

The parties agree that this Protective Order will expedite disclosure of information and production of documents of a confidential nature or protected by privilege or statute, preserve the confidentiality of such information, protect private interests of the parties and non-parties, and help to avoid potential discovery disputes relating to information that is designated confidential.  The

parties agree and the Court hereby Orders as follows:

1. The provisions of this Protective Order apply to all documents, materials, evidence, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure concerning the subject matters set forth above.

2. As used in this Protective Order, "document" is defined as provided by Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. Additionally, documents containing information that summarizes or which is drawn from a confidential document shall be deemed confidential.

3. One who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action, and who in good faith believes such documents or information contain nonpublic personal, personnel, employment, private, business, financial, or other information implicating privacy interests or proprietary interests of either the Plaintiff or any of the Defendants or any third parties may designate such documents or information in good faith as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order. If a party failed to designate such documents or information as "Confidential" and any other party in good faith believes that such documents contain the aforementioned personal, private or proprietary information said parties' counsel shall confer with opposing counsel regarding such documents.

4. Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and for no other purpose whatsoever, and shall not, without the consent of

the party producing it or further Order of the Court, be disclosed in any way to anyone except as specified in this paragraph:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or other proceedings in this case;

    (c)    parties to this lawsuit (meaning in the case of a party that is an entity its executive officers, directors or principals, and specifically authorized officer representatives assisting with the proceedings in this case)

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    (e)    the Court and its employees, including persons who assist in settlement negotiations between the parties to this lawsuit ("Court Personnel");

    (f)    stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents in this lawsuit in connection with their testimony about such materials in this lawsuit

    5.    Prior to disclosing any Confidential Material to any person listed in paragraph 4 above (other than counsel, persons employed by counsel, Court personnel and stenographic reporters, and videographers), counsel shall provide such person with a copy of the Protective Order and have such person acknowledge that he/she has read this Protective Order and agree to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any redisclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to the Protective Order for their own purposes or in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future.

No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts, or consultants for the litigation will not constitute any waiver of the confidentiality of the document or any objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

7. Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this Protective Order and the limitations on its use and disclosure.

8. Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:

"CONFIDENTIAL." Documents already disclosed in initial disclosures, supplemental disclosures, or in responses to written discovery, may be stamped or designated in writing as CONFIDENTIAL by one party after full disclosure has been given to all non-designating counsel that such designation will take place. Records secured by any party pursuant to a release of information may be designated as confidential by indicating on the release that the materials are deemed Confidential.

9. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible.

10. A party may object to the designation of particular documents as Confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. The parties will make a good faith effort to resolve the objection. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Material to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within the ten business days required above, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as Confidential Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential. The parties stipulate that any and all information and materials concerning: 1) any customers of any Defendant and/or such customers'

accounts; and 2) any Defendant's financial account records, including copies of checks written, bank statements, tax returns, are confidential material. The parties further stipulate that copies of the financial account access records such as the account numbers, and routing numbers, and the copies of actual signatures of individual parties and of signatories for entity parties on checks, or other business records, are confidential.

11. Within thirty days of the conclusion of this case, unless other arrangements are agreed upon, each document and all copies designated as Confidential Material shall be returned to the party that designated the material as Confidential or destroyed and such destruction authenticated by affidavit of attorney.

12. Confidential documents shall only be filed with the clerk when required in connection with motions under Federal Rules of Civil Procedure 12 or 56, motions to determine confidentiality under the terms of this Protective Order, motions related to discovery disputes if the Confidential documents are relevant to the motion, and other motions or pleadings where the confidential documents provide support for the position taken by a party. A party contemplating filing Confidential Material protected by this Protective Order with the Court must file a motion indicating that the party seeks to file the particular Confidential Material document under seal.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

14. The entry of this Protective Order is not intended and should not be construed in anyway to waive any of the privileges and rights of either of the parties regarding any of the documents covered by this Order, and the parties each reserve the right to petition the Court to modify this Protective Order in any respect.

**IT IS THEREFORE ORDERED** that Defendant Mitch Vandament's unopposed Motion for Protective Order (doc. 49) is granted.

Dated this 1st day of August, 2008.

s/ David J. Waxse

David J. Waxse
United States Magistrate Judge

**CONFIDENTIALITY AGREEMENT**

I, _____ reside at _____, _____, _____. I am employed by _____ and my business address is _____.

I acknowledge receipt of a copy of the Protective Order that has been entered by the District Court of Kansas. I have read and I fully understand the provisions of the Protective Order and I agree to be bound by, abide by and comply with all the terms and provisions of that Protective Order.

Signed By: _____

Date: _____

                                                  _____
Signature of:
Counsel providing Protective Order