**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SUMMIT FINANCIAL RESOURCES, L.P.,**   )<br>                                                                     )<br>                         **Plaintiff,**                       )<br>                                                                     )<br> v.                                                              )<br>                                                                     )<br> **KATHY'S GENERAL STORE, INC.,**              )<br>                                                                     )<br>                                                                     )<br>                         **Defendant.**                    )<br>                                                                     ) | **CIVIL ACTION**<br><br>**No. 08-2145-CM** |

**MEMORANDUM AND ORDER**

Plaintiff Summit Financial Resources, L.P. ("Summit") brings this action against defendant Kathy's General Store, Inc. ("Kathy's"). This matter is before the court on Summit Financial Resources, L.P.'s Motion for Summary Judgment Against Defendant Kathy's General Store, Inc. (Doc. 98) and Summit Financial Resources, L.P.'s Motion to Strike Portions of the Affidavit of David Walthers (Doc. 113).

**I.    Factual Background**[1]

From 1989 through December 13, 2007, Kathy's convenience store purchased fuel from Walthers Oil ("Walthers"). Beginning on April 23, 2007, credit card transactions from Kathy's were cleared by Petroleum Card Services and the net proceeds were deposited into Walthers's checking account. Walthers applied the proceeds toward amounts Kathy's owed Walthers for Kathy's fuel purchases. Any proceeds remaining would be refunded to Kathy's.

On June 21, 2007, Summit entered into two, separate financing agreements with Walthers

---

[1] The court construes the facts in the light most favorable to the non-moving party pursuant to Fed. R. Civ. P. 56. The court has combined the facts proposed by both parties, and included only those that are relevant, material, and properly supported by the record.

Oil Company and Walthers Inc., which allowed Summit to purchase certain accounts from Walthers. Summit claims it purchased the accounts that were receivable from Kathy's. Kathy's claims that it had no accounts due or owing to Walthers. Walthers sent a Notice of Assignment ("Notice") to Kathy's explaining that Walthers had assigned accounts to Summit and stated, "you are hereby notified of that assignment and directed to make payment of all accounts receivable and all other accounts owing to Walthers, Inc. directly to Summit Financial Resources, L.L.P."

In December 2007, Summit filed a lawsuit against Walthers for amounts owing under the finance agreements and obtained a preliminary injunction on January 2, 2008. Under the preliminary injunction, Walthers was ordered to pay Summit all collections and proceeds from the sale of Walthers's inventory. Summit received four payments pursuant to the injunction—$45,531.05; $14,342.35; $1,079.91; and $2,762.39. The payments came from Walthers's general checking account, which was the same account that held the payments from Kathy's credit card transactions. Walthers's used this account to deposit money from and make payments to numerous parties, including Kathy's and Summit.

## II.     Standards for Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth

such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).  An affidavit which fails to meet any of the three requirements is subject to a motion to strike, but the court may also enforce the rule by disregarding portions of the affidavit it finds insufficient.  *City of Shawnee v. Argonaut Ins. Co.*, 546 F. Supp. 2d 1163, 1178 (D. Kan. 2008); *Maverick Paper Co. v. Omaha Paper Co.*, 18 F. Supp. 2d 1232, 1234–35 (D. Kan. 1998) (noting the court usually does not strike affidavits but simply disregards those portions which are not shown to be based upon personal knowledge or otherwise do not comply with Rule 56(e)).

**III.  Discussion**

    *A.  Motion to Strike*

Plaintiff moves to strike the entirety or portions of the following paragraphs of Mr. Walthers's affidavit:

> 5. The assignment effectively created a creditor debtor relationship between Kathy's and Walthers.  As a result of the credit card sales generated by Kathy's, Walthers owed Kathy's monthly payments ranging from $10,000 to $30,000.
>
> 8. Summit Financial was advised and aware of the assignment of credit card receipts from Kathy's to Walthers at the time of its entering into a financing agreement with Walthers and the creation of assignments in favor of Summit of all account receivables owed to Walthers.
>
> 9. Summit's representative Dennis O'Hara, was in the Walthers home offices, beginning in September on a daily basis and was aware of the day-to-day operations and dealing between Walthers and Kathy's and specifically the credit card transactions between Kathy's and Walthers.
>
> 10. Mr. O'Hara on behalf of Summit agreed they would not pursue the credit card receipts from Kathy's under the financing agreement and Notice of Assignment.
>
> 11. Summit was not interested in the funds received via credit card transaction as they were able to draft the funds from Walthers['s] account

> under the terms of the assignment. The assignment in favor of Summit only applied to the funds remitted from retailers on outstanding invoices. At no time during the period of time following July 30, 2007 did Kathy's have any outstanding invoices, "accounts receivable" due or owing to Walthers.

### 1. Paragraph 5

Plaintiff argues that paragraph 5 contains an improper legal conclusion—that the assignment effectively created a creditor debtor relationship between Kathy's and Walthers—that is an issue for the court to determine. Defendant argues that this statement is not a legal conclusion, but simply Mr. Walther's characterization of the fifteen-year business relationship between Walthers and Kathy's. To the extent defendant relies on this statement for a legal conclusion, the court will disregard that portion of the affidavit. *See Trestle & Tower Eng'g, Inc. v. Star Ins. Co.*, 13 F. Supp. 2d 1166, 1167 n.1 (D. Kan 1998) (holding that the court shall disregard those portions of the affidavit containing legal conclusions).

### 2. Paragraph 8

Plaintiff contends that the assertion that Summit was "aware of the assignment of credit card receipts" lacks foundation and speculates the knowledge of a third-party. Defendant argues that the statement is not speculative because "the affidavit clearly states that [Mr. Walthers] advised Summit of the assignment." Defendant's characterization of paragraph 8 appears disingenuous. The affidavit states that Summit was advised and aware of the assignment of credit card receipts; it does not say that Mr. Walthers advised Summit of the fact. But, at the time of his affidavit, Mr. Walthers was the president of Walthers Oil Co. and Walthers, Inc. His affidavit specifically states that it is based on his experience conducting business of behalf of Walthers and his dealings with Kathy Kaul of Kathy's. Whether Summit was advised and aware of the credit card assignment at the time it entered into an agreement with Walthers is something Mr. Walthers may know based on his

-4-

experience conducting business of behalf of Walthers. Based on the record before it, the court finds that paragraph 8 does not lack foundation.

### 3. Paragraphs 9 & 10

In its motion, plaintiff argues that paragraphs 9 and 10 are based on the unfounded legal conclusion that Mr. O'Hara is the agent and legal representative of Summit and are impermissible hearsay. In its reply, plaintiff more fully addresses its hearsay argument, asserting that Mr. Walthers's statements about what Mr. O'Hara said are hearsay and that the party-opponent exception does not apply. Defendant argues that Mr. Walthers's opinion about the relationship between Mr. O'Hara and Summit is not hearsay.

Paragraphs 9 and 10 suggest that Mr. O'Hara was Summit's representative and was acting on behalf of Summit. Whether Mr. O'Hara is the legal agent of Summit is a legal question for the court. To the extent Mr. Walthers's affidavit relies on that legal conclusion or inadmissible hearsay, the court will disregard those portions of the affidavit.

### 4. Paragraph 11

Summit contends that the assertion that "Summit was not interested in the funds received via credit card transaction" improperly speculates the knowledge of a third-party. Kathy's argues that the affidavit provides a factual basis for Mr. Walthers's assertion that Summit could obtain control over Kathy's credit card receipts by drafting funds from Walthers's account. The court finds that the affidavit does not lay a foundation for the assertion that Summit was not interested in the credit card funds—nothing in the affidavit explains how Mr. Walthers would know whether Summit was interested in the credit card funds. The court will not consider this portion of paragraph 11.

### B. *Summary Judgment*

#### 1. K.S.A. § 84-9-406(a)

Summit argues that Kathy's is liable for failing to comply with the Notice as required by K.S.A. § 84-9-406. K.S.A. § 84-9-406(a) provides that

> an account debtor on an account, chattel paper, or a payment intangible may discharge the account debtor's obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge the account debtor's obligation by paying the assignee and may not discharge the obligation by paying the assignor.

Kathy's contends that it did not have any accounts due and owing to Walthers and that it did not make payments to Walthers after July 30, 2007. While this is not entirely supported by the record—Kathy's continued to utilize the Petroleum credit card service that deposited credit card payments into Walthers's checking account—Summit has not established that it was entitled to payment for all fuel delivered after July 30, 2007 or what amounts were due and owing. It may be that Summit is correct—if it were to provide the court with further support and analysis for its arguments. There are disputed issues of material fact that have not been resolved by the parties' briefs.

Summit bears the burden of showing that it is entitled to summary judgment on its claims. The court will not make specific arguments for it nor supply the analytical connections that Summit fails to make. Based on the record before it, the court finds that summary judgment is not warranted at this time. The court therefore denies Summit's motion without prejudice.

### **2.     Conversion**

Summit seeks summary judgment on Kathy's conversion claim. "Conversion is the unauthorized assumption or exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the other's rights." *Bomhoff v. Nelnet Loan Servs., Inc.*, 109

P.3d 1241, 1246 (Kan. 2005). The court finds that Summit has failed to meet its burden to establish it is entitled to summary judgment as a matter of law. Based on the record before it, the court denies Summit's motion without prejudice.

**IT IS THEREFORE ORDERED** that Summit Financial Resources, L.P.'s Motion to Strike Portions of the Affidavit of David Walthers (Doc. 113) is granted in part and denied in part. The court has disregarded those portions of the affidavit that do not comply with Rule 56(e).

**IT IS FURTHER ORDERED** that Summit Financial Resources, L.P.'s Motion for Summary Judgment Against Defendant Kathy's General Store, Inc. (Doc. 98) is denied without prejudice.

Dated this 16th day of July 2009, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**