IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| SUMMIT FINANCIAL RESOURCES, L.P., ) ) Plaintiff, ) ) v. ) ) KATHY'S GENERAL STORE, INC., ) ) Defendant. ) ) | ) ) CIVIL ACTION ) No. 08-2145-CM |

## MEMORANDUM AND ORDER

Plaintiff Summit Financial Resources, L.P. ("Summit") brought this action against defendant Kathy's General Store, Inc. ("Kathy's") alleging that defendant failed to remit payment to plaintiff on accounts receivable that plaintiff purchased from defendant's fuel suppliers. Defendant asserted a counterclaim against plaintiff for conversion. The court held a bench trial on November 3, 2009. On May 5, 2010, the court entered judgment in favor of defendant on plaintiff's claims and in favor of plaintiff on defendant's counterclaim. Plaintiff subsequently appealed to the Tenth Circuit a portion of the judgment. While the appeal was pending, the parties reached a settlement agreement with the assistance of the Tenth Circuit Mediator's Office. The settlement agreement included an obligation to jointly request that this court vacate the judgment pleadings. Accordingly, the parties filed the current motion (Doc. 150) and argue that vacatur is appropriate because the judgment pleadings have limited precedential value, the public interest favors conservation of judicial resources, and vacatur serves the parties' private interests. After reviewing the brief and applicable law, the court determines that the parties have not established exceptional circumstances and, therefore, denies the motion.[1]

---

[1] The court may consider this motion pursuant to Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1.

**I.     ANALYSIS**

The current motion requests that the court vacate the Memorandum and Order (Doc. 141) and the corresponding Judgment (Doc. 142) (collectively the "Judgment Pleadings") pursuant to Federal Rule of Civil Procedure 60(b).  *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) (explaining that Federal Rule of Civil Procedure 60(b) is the proper vehicle to seek vacatur of a judgment on the ground that the parties have reached a post-judgment settlement).  The standard for vacatur on the basis of a settlement is a showing of exceptional circumstances.  *Id.* at 29 ("[T]he determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course."); *Amoco Oil Co. v. United States Envtl. Prot. Agency*, 231 F.3d 694, 697 (10th Cir. 2000) ("[S]uch relief is extraordinary and may only be granted in exceptional circumstances.") (internal quotations omitted); *United Nat'l Ins. Co. v. Airosol Co.*, No. 99-1236-JTM, 2001 U.S. Dist. LEXIS 24564 at *4 (D. Kan. Feb. 21, 2001) (same).   The court also evaluates equitable considerations.  *U.S. Bancorp*, 513 U.S. at 25–26.  In applying this standard, the court has substantial discretion and a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975).  Here, the parties advance three arguments in support of vacatur: (1) settlement and vacatur will not impact the social value of preserving judicial precedent because the Judgment Pleadings are unpublished and have limited precedential value; (2) the public interest in resources expended by this court and the Tenth Circuit are respected if this court vacates the Judgment Pleadings; and (3) the parties' private interests favor vacatur.  The court determines that in the circumstances of this case none of these arguments, or any combinations of these arguments, constitute exceptional circumstances that justify vacatur.

The first argument does not justify vacatur because the Memorandum and Order is publically available and might be useful to future litigants as persuasive authority.  It is true that the Judgment

Pleadings are not published in a bound volume of the West Reporter series. But the Memorandum and Order appears on the District of Kansas website, Westlaw, and Lexis. *See* https://ecf.ksd.uscourts.gov/cgi-bin/Opinions.pl; *see also Summit Fin. Res., L.P. v. Kathy's Gen. Store, Inc.*, No. 08-2145-CM, 2010 U.S. Dist. LEXIS 43736, 2010 WL 1816685 (D. Kan. May 5, 2010). Therefore, the Memorandum and Order is publically available, easily obtainable, and included in electronic research databases. As such, the court determines that the parties' argument regarding the unpublished nature of the Judgment Pleadings is unconvincing and of minimal relevance.

The parties also argue that the Judgment Pleadings are of limited precedential value because they are district court opinions that interpret state law. It is true that the Judgment Pleadings are not precedential, binding, or authoritative. *See United States v. Worthon*, 520 F.3d 1173, 1179–80 (10th Cir. 2008) ("[D]istrict court opinions have persuasive value only and are not binding as a matter of law."). However, the Judgment Pleadings represent a carefully considered and reasoned analysis of the law as applied to the facts in this case. This analysis might be useful as persuasive authority to future litigants faced with a similar issue and, therefore, withdrawing it from the public does not come at an insignificant cost. *See Vertex Surgical, Inc. v. Paradigm Biodevices, Inc.*, 648 F. Supp. 2d 226, 231–36 (D. Mass. 2009) (denying vacatur and providing a detailed explanation of the social and public value of unpublished opinions); *Spencer v. Am. Int'l Group, Inc.*, No. 08-CV-00591, 2009 U.S. Dist. LEXIS 32373, at *7 (E.D. Va. Apr. 16, 2009) (denying vacatur and explaining that the subject order represents "an application of legal rules and principles that have been, and may be, relied on by other courts"). Indeed, there would be no reason to seek vacatur if the Judgment Pleadings were entirely inconsequential to the parties, future litigants, and other courts. *See Welch v. UNUM Life Ins. Co. of Am.*, 649 F. Supp. 2d 1220, 1224 (D. Kan. 2009) (explaining that "if . . . the opinion in this case is of little precedential value, then [defendant] would have no reason to seek vacatur as part of any

settlement"). As such, the court determines that the parties' argument regarding the limited precedential value of the Judgment Pleadings fails to completely acknowledge the important social and public value of these documents and does not constitute an exceptional circumstance.

The second argument similarly does not justify vacatur because vacating the Judgment Pleadings might set precedent that would not conserve judicial resources in the future.[2] Granting vacatur and facilitating settlement in this case might result in some benefits for the Tenth Circuit and this court. This is the result of most settlements and is hardly exceptional. Yet it is far from clear that routine granting of post-judgment vacatur would advance the public interest and conserve judicial resources overall. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 28 (1994) (implying that the encouragement of settlement itself does not constitute exceptional circumstances that justify vacatur); *see also Welch*, 649 F. Supp. 2d at 1224. For example, routinely granting post-judgment vacatur as part of a settlement agreement may encourage litigants to forego early settlement opportunities and instead take their chances with district court judgments knowing that any adverse rulings could be bargained away as part of a vacatur-based settlement agreement. *See U.S. Bancorp*, 513 U.S. at 29 ("*Some* litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur.") (emphasis in original); *Neumann v. Prudential Ins. Co. of Am.*, 398 F. Supp. 2d 489, 493 (E.D. Va. 2005). Such a result would hardly conserve judicial resource and might encourage parties to use district court proceedings as a settlement mechanism. *See Oklahoma Radio Assocs. v. FDIC*, 3 F.3d 1436, 1444 (10th Cir. 1993) (denying vacatur and explaining that "[a] policy permitting litigants to use the settlement process as a means for obtaining the withdrawal of

---

[2] It is unclear whether the settlement is conditioned on vacatur. *See* Doc. 150 at 2 ("Under the Settlement Agreement, the parties agreed, among other things, to execute and file papers necessary to request this Court vacate the Judgment Pleadings."). To the extent the settlement is not conditioned on vacatur, the public interest in resources expended by this court and the Tenth Circuit will be respected by the settlement regardless of vacatur.

unfavorable precedents is fraught with the potential for abuse"); *Stolz v. Am. Int'l Life Assurance Co. of New York*, 922 F. Supp. 435, 436 (W.D. Wash. 1996) (denying vacatur and explaining that allowing vacatur on appeal renders the district court "little more than an elaborate settlement mechanism").  As such, this argument does not justify vacatur.

The third argument also does not justify vacatur because there is nothing exceptional about the parties' private interests in this case.  Granting vacatur will provide legal certainty and presumably save both parties the time and expense associated with litigating the current appeal and, possibly, another trial.  But this would be true in nearly every case.  The parties have not identified any facts or circumstances that would render the parties' interests in this case "exceptional."  As such, the court determines that this argument does not justify vacatur.

The court carefully reviewed the brief, applicable case law, circumstances, and corresponding equitable considerations.  The court concludes that the reasons advanced by the parties do not constitute exceptional circumstances that justify vacatur.  Accordingly, the court denies the Stipulated Motion for Indicative Ruling (Doc. 150) filed with this court in the case now pending on appeal before the United States Court of Appeals for the Tenth Circuit as Appeal No. 10-3130.

**IT IS THEREFORE ORDERED** that the Stipulated Motion for Indicative Ruling (Doc. 150) is denied.

Dated this 22nd day of August 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
